UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| HEWLETT-PACKARD FINANCIAL SERVICES CO., <br><br> Plaintiff, <br><br> v. <br><br> FOX SPECIALTIES, INC., FOX BINDERY, INC. AND HENRY J. FOX A/K/A/ HANK FOX, <br><br> Defendants. | OPINION <br><br> No. 18-cv-02618 (WHW)(CLW) |

**Walls, Senior District Judge**

Plaintiff Hewlett-Packard Financial Services Co. moves under Fed. R. Civ. P. 56 for summary judgment against Defendants Fox Bindery Inc. and Henry J. Fox. ECF No. 23. Defendants did not respond. Decided without oral argument under Fed. R. Civ. P. 78, Plaintiff's motion is granted.

## PROCEDURAL AND FACTUAL BACKGROUND

Hewlett-Packard Financial Services Co. ("HPFS") is a Delaware corporation with a principal place of business in New Jersey. Statement of Undisputed Material Facts ("SUMF") ¶ 1.[1] HPFS is a finance company that assists other companies who wish to acquire computer equipment, software, printing presses, and other accessories ("Equipment"). Brief in Support of Summary Judgment ("Sum. J. Br.") at 1. Plaintiff employs "finance leases," a structure authorized by the Uniform Commercial Code, which has elements of both a lease and secured

---

[1] Local Rule 56.1 states that "any material fact not disputed shall be deemed undisputed for purposes of the summary judgment motion." Because Defendants have not contested it, Plaintiff's Statement of Undisputed Material Facts will be taken as undisputed for purposes of resolving the present motion.

1

financing. *Id.* In a finance lease, the customer "selects the company whose equipment they want to acquire…without any input from the lessor. The lessor is neither the supplier nor the manufacturer of the equipment." *Id.* The lessor then "acquires the equipment the lessee has selected and leases it to the lessee." *Id.* In this instance, HPFS was the lessor and the lessees/customers were Defendants.[2] In April 2012, HPFS entered into a Master Agreement ("Agreement") with Fox Specialties ("Specialties"), that included an addendum which Fox Bindery ("Bindery") served as a co-lessee to and which made both Specialties and Bindery joint and severally liable for all obligations under the Agreement. SUMF ¶¶ 8-9. The Agreement contained a number of Schedules, all of which were similar iterations of a typical finance lease, the only difference being that pursuant to Schedule 5, Mr. Fox signed a personal guaranty of all of Specialties' obligations for all schedules under the Agreement. *Id.* ¶¶ 13-15; *see also* ECF No. 23-8. After some debt restructuring, SUMF ¶¶ 20-27, Defendants are still alleged by Plaintiff to remain liable for certain "rent, late, fees, past balances, and accelerated rent" totaling $3,505,482.71, *id.* ¶¶ 30-34; *see also* ECF No. 23-16 (purporting to show a calculation of damages owed to HPFS). Although counsel for Defendants have appeared in this matter and have indicated their intention to contest Plaintiff's summary judgment motion, *see, e.g.*, ECF No. 29, they have not filed a timely opposition. Moreover, counsel for Plaintiffs has written the Court that "no opposition to the motion has been or is expected to be filed." ECF No. 39.

## JURISDICTION

Subject matter jurisdiction exists under 28 U.S.C. § 1332. Plaintiff is a Delaware Corporation with its principal place of business in New Jersey. SUMF ¶ 1. Defendants are

---

[2] Defendant Fox Specialties, Inc. was dismissed from the lawsuit after entering into a Settlement Agreement with Plaintiff. *See* ECF No. 40; ECF No. 38 at Ex. A.

residents of Pennsylvania. *Id.* ¶¶ 3-4. The amount in controversy at the time of filing exceeded $75,000. ECF No. 23-16; SUMF ¶ 26.

## STANDARD

Summary judgment is appropriate where "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A factual dispute between the parties must be both genuine and material to defeat a motion for summary judgment. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247-48 (1986). A disputed fact is material where it would affect the outcome of the suit under the relevant substantive law. *Scott v. Harris*, 550 U.S. 372, 380 (2007). A dispute is genuine where a rational trier of fact could return a verdict for the non-movant. *Id.*

The movant bears the initial burden to demonstrate the absence of a genuine issue of material fact for trial. *Beard v. Banks*, 548 U.S. 521, 529 (2006). Once the movant has carried this burden, the non-movant "must do more than simply show that there is some metaphysical doubt as to the material facts" in question. *Scott*, 550 U.S. at 380 (citing Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 586-87 (1986)). Each party must support its position by "citing to particular parts of materials in the record ... or showing that the materials cited do not establish the absence or presence of a genuine dispute, or that an adverse party cannot produce admissible evidence to support the fact." Fed. R. Civ. P. 56(c)(1). Facts must be viewed in the light most favorable to the nonmoving party only if there is a genuine dispute as to those facts. *Scott*, 550 U.S. at 380. A summary judgment motion should not be granted simply because it is unopposed, but instead because it is appropriate. *Anchorage Assocs. v. Virgin Islands Bd. of Tax Review*, 922 F.2d 168, 175 (3d Cir. 1990).

## DISCUSSION

HPFS seeks summary judgment on two common law claims: (1) breach of lease and (2) breach of guaranty. Complt. at ¶¶ 24-29.[3] In this diversity action, the law of New Jersey applies. *Erie R. Co. v. Tompkins*, 304 U.S. 64, S. Ct. 817, 82 L. Ed. 1188 (1938).[4]

### 1. Breach of Lease

"In order for HPFS to prevail on its claim against [Defendants], the facts specified in the motion must show that the lease agreement was a valid contract, that [Defendants] breached the lease, and that HPFS suffered damages." *Hewlett-Packard Fin. Servs. Co. v. One2One, LLC*, No. CIV. 05-4045 (WGB), 2006 WL 1281335, at *3 (D.N.J. May 8, 2006). First, the evidence before the Court demonstrates the validity of the contract. In New Jersey, a finance lease is defined:

> (i) the lessor does not select, manufacture, or supply the goods;
>
> (ii) the lessor acquires the goods or the right to possession and use of the goods in connection with the lease; and
>
> (iii) one of the following occurs[...]
>
> (D) if the lease is not a consumer lease, the lessor, before the lessee signs the lease contract, informs the lessee in writing (a) of the identity of the person supplying the goods to the lessor, unless the lessee has selected that person and directed the lessor to acquire the goods or the right to possession and use of the goods from that person, (b) that the lessee is entitled under this chapter to the promises and warranties, including those of any third party, provided to the lessor by the person supplying the goods in connection with or as part of the contract by which the lessor acquired the goods or the right to possession and use of the goods, and (c) that the lessee may communicate with the person supplying the goods to the lessor and receive an accurate and complete statement of those promises and warranties, including any disclaimers and limitations of them or of remedies.

N.J. Stat. Ann. § 12A:2A-103. *See also One2One, LLC*, 2006 WL 1281335, at *3. First, HPFS did not select, manufacture, or apply the goods at issue in the lease. *See* Agreement (ECF No.

---

[3] HPFS affirmatively waived its claim for repossession originally pleaded. Sum. J. Br. at 37.
[4] New Jersey law also explicitly governs the finance lease. *See* Agreement (ECF No. 23-2) at ¶ 26(a).

4

23-2) at ¶ 16; Sum. J. Br. at 8. Second, the Agreement specifies that HPFS, as the lessor, was the owner of the goods. *See* Agreement (ECF No. 23-2) at ¶ 9. Finally, the Master Agreement was signed by Fox Specialties (with Fox Bindery signing the Agreement's Co-Lessee Addendum, *see* ECF. No. 23-3), with the statutory requirements of N.J. Stat. Ann. § 12A:2A-103(iii)(D) being met. The lease was valid.

The lease was also clearly breached by the lessees. HPFS is still owed payments on Schedules 1-3 and 5-6 of the Agreement due to failure of the lessees to perform under the contract.[5] *See* SUMF ¶¶ 17-26.[6] This is in direct contradiction to the lessees' obligations under the Agreement. *See* Agreement (ECF No. 23-2) at ¶ 18. "If the contract into which the parties have entered into is clear, then it must be enforced as written." *Serico v. Rothberg*, 234 N.J. 168, 178 (2018) (internal brackets omitted). The language here is clear, and given the factual attestations, so is the breach by the lessees. HPFS has shown that there is no genuine dispute as to any material fact and is entitled to judgment as a matter of law on the breach of lease claim.

### 2. Breach of Guaranty

"To be entitled to a judgment on a guaranty, the movant must show "1) execution of the guarantee by the guarantor (i.e., that it was the defendant who signed the guarantee); 2) the principal obligation and terms of the guaranty; 3) the lender's reliance on the guaranty in extending monies to the borrower; 4) default by the principal obligator; 5) written demand for payment on the guarantee; 6) failure of the guarantor to pay upon written demand." *Baymont*

---

[5] Like the thirteenth floor of many hotels, Schedule 4 of the Agreement was skipped entirely. *See* Sum. J. Br. at 14 n. 2.
[6] The Court notes that although the SUMF is accepted for its factual assertions in full given Defendants' lack of any contestation, *see* Local Rule 56.1, statements such as SUMF ¶ 21, alleging Specialties "defaulted" on the restructuring agreement, will only be taken for their factual substance and not their legal conclusions. *See* Local Rule 56.1 (stating a statement of undisputed material fact "shall not contain legal argument or conclusions of law"); *see also Worster v. Tropicana Entm't, Inc.*, No. CV 13-1981, 2016 WL 4919266, at *2 (D.N.J. Sept. 12, 2016).

*Franchise Sys., Inc. v. R S Hosp., LLC*, No. 15-04067 (WHW)(CLW), 2018 WL 4005743, at *2 (D.N.J. Aug. 21, 2018).

All of the elements of a breach are met here. First, Mr. Fox signed a Continuing Personal Guaranty on January 6, 2016. ECF No. 23-8 at 3. Second, in the Guaranty, Mr. Fox consented that he "absolutely and unconditionally guarantees to Lessor...the full and prompt performance of all of Lessee's obligations under the Master Agreement, including payment to Lessor of any and every indebtedness, liability or obligation of Lessee to Lessor." *Id.* at 1. Third, the Guaranty specifically details that it is being entered into "[i]n order to induce [HPFS] to enter into the Master Lease." *Id.* Fourth, as discussed, the lessees of the Master Agreement breached. *See supra* at 4-5. Fifth, Mr. Fox was told that he was in default as early as August 2017. ECF No. 23-11. Finally, Mr. Fox has refused to pay what is owed under the terms of the contract. SUMF ¶ 24. HPFS has shown that there is no genuine dispute as to any material fact and is entitled to judgment as a matter of law on the breach of guaranty claim.

### 3. Attorneys' Fees are Appropriate

Plaintiff seeks attorneys' fees. "In the field of civil litigation, New Jersey courts historically follow the 'American Rule,' which provides that litigants must bear the cost of their own attorneys' fees." *Innes v. Marzano-Lesnevich*, 224 N.J. 584, 592, 136 A.3d 108, 113 (2016). Still, "a prevailing party can recover those fees if they are expressly provided for by statute, court rule, or contract." *Packard-Bamberger & Co. v. Collier*, 167 N.J. 427, 440 (2001) (emphasis added). A "[fee-shifting contractual] provision should be strictly construed in light of our general policy disfavoring the award of attorneys' fees." *Litton Indus., Inc. v. IMO Indus., Inc.*, 200 N.J. 372, 385 (2009). Here, the lessees agreed to pay attorneys' fees if they defaulted. *See* Agreement at ¶ 19. Because the Guaranty covered all liabilities owed by the lessees to the Lessor, including

"attorney's fees, costs and expenses of collection incurred by the Lessor…in any action against the Lessee," ECF No. 23-8 at 1, attorneys' fees are appropriate.

## CONCLUSION

Plaintiff's motion for summary judgment is granted. An appropriate order follows.

DATE: 12 December 2018

William H. Walls
Senior United States District Court Judge